IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY McKAIG and<br>HEATHER McKAIG,<br><br>    Plaintiffs,<br><br>v.<br><br>TANEY COUNTY, et al.,<br><br>    Defendants. | No. 6:11-CV-4014-DGK |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case arises from the commercial development of a piece of property near the Plaintiffs' home in Taney County, Missouri. Plaintiffs Larry and Heather McKaig allege the Taney County Defendants[1] issued Defendants Bill and Kelly Majors an emergency waiver and a change in land-use permit in violation of state law and county zoning rules.

Plaintiffs originally filed suit under state law and 42 U.S.C. § 1983 seeking injunctive relief, damages for the diminished value of their property, and attorneys' fees. In May of 2012, after a two day trial, a jury found for all Defendants on Count IV, the § 1983 claim. The parties subsequently submitted proposed findings of fact and conclusions of law (Docs. 101 and 110) on the remaining claims, Counts I – III, which are all bench tried. After carefully considering the record and the parties' Stipulation of Uncontroverted Facts and Issues (Doc. 59), pursuant to Federal Rule of Civil Procedure 52(a) the Court now issues its findings of fact and conclusions of law on the remaining claims. Holding that the County Commission exceeded its authority in granting the emergency waiver, but the Planning Commission did not err in issuing the Division

---

[1] The Taney County Defendants are all Defendants except Bill and Kelly Majors.

III permit, the Court finds in Plaintiffs' favor on a portion of Count II, but finds in Defendants' favor on all remaining counts.

## Findings of Fact

The Court finds the relevant facts are as follows.[2] This dispute concerns the permitting process accompanying the commercial development of a piece of land ("the Property") owned by Defendants Bill and Kelly Majors. The Property is located at 13159 US Highway 160 in an unincorporated part of Taney County, Missouri. Plaintiffs Larry and Heather McKaig own and live in a house located across the highway from the Property at 13114 U.S. Highway 160 in Taney County, Missouri.

Between February 19, 2010 and September 15, 2010, Eddie Coxie was the Administrator of the Taney County Planning and Zoning Department and the "designated official" appointed by the Taney County Planning Commission ("the Planning Commission") pursuant to Section 64.865 RSMo. As the designated official, Coxie was responsible for operation of the Planning and Zoning Department and administration of the Taney County Development Guidance Code ("the Guidance Code"), as directed by the Planning Commission.

After driving by the Property and seeing preliminary construction work occurring, Coxie sent a letter to the record owners of the Property on or about February 19, 2010, expressing his concern that the Property was being developed without the appropriate permits. In response, Bill Majors contacted Coxie and explained that he and his wife were developing the Property for commercial use and that they unaware that the zoning law required them to change the land-use of the property from agricultural to commercial. Consistent with Taney County policy, which is

---

[2] Because the Court previously held that it lacks subject matter jurisdiction to review issuance of the Division II permit, the Court declines to make detailed findings of fact on this issue. Accordingly, the Court discusses the Division II permit only to the extent necessary to explain the surrounding circumstances under which the Planning Commission issued the Division III permit.

2

to help guide people through the Guidance Code because many people are unfamiliar with the various zoning laws and regulations, Coxie sat down with Bill Majors and explained how the Guidance Code worked. Coxie also explained the process for changing a land-use from agricultural to commercial, including the Division III permit application process.

On February 25, 2010, the Majors filed a Division III Permit Application requesting a land-use change, which the Guidance Code requires before the property can be developed. They also submitted to the Planning Commission an application for a concept Division III hearing which contained information about the Property and a description of the proposed development. Bill Majors told Coxie that he had sensitive equipment scheduled to be delivered prior to the time he could complete the Division III application process. He asked if he could begin construction on the buildings going-up on the Property prior to securing a Division III permit for a land-use change. Coxie told him that the Planning Commission could not do anything for him, but he could appeal to the Taney County Commission ("the County Commission"), and it might be able to give him some sort of waiver.

The Majors subsequently sought an "emergency waiver" from the County Commission requesting permission to move forward with construction of buildings, which required a Division II permit, prior to securing a Division III permit. On the morning of March 5, 2010, the County Commission held a brief meeting to consider the request. Coxie advised the Commissioners that the Majors' project met all "absolute policies" of the Guidance Code. By "absolute" policies, Coxie meant the project met all required elements of the Guidance Code; that is, the project did not seek to do anything that was directly against any rule or regulation and did not request anything that would have required the Board of Adjustment to issue a variance. The Taney

3

County Commission decided to grant the emergency waiver, noting the buildings and equipment were being delivered that week and the Majors were unaware of the need for building permits.

The practical effect of the County Commission's act was to give the Majors a temporary reprieve from the potentially disastrous affects of their disregard of the Guidance Code by giving them additional time to comply with its requirements. It did not waive compliance with the Guidance Code or state law. Both the text of the County Commission's decision and a statement from Taney County Commissioner Pennell warned that the project would still have to complete the full Division III process before the Property could receive a land-use change.[3]

On March 5, 2010, after construction had already begun, the Majors filed an application for a Division II permit with the Planning Commission seeking permission to begin construction of buildings on the Property. On March 10, 2010 Coxie issued Bill Majors a Division II permit allowing construction of buildings on the Property to proceed. Coxie also informed him that he would have to comply with all provisions of the Guidance Code to secure a Division III permit.

On March 11, 2010, the Planning Commission authorized the Majors to proceed with development plan and scheduled the hearing for their application for a Division III permit for May 10, 2010, with final review to occur May 17, 2010. Coxie subsequently prepared a Division III Relative Policy Scoring Sheet for the Property, a "scorecard" which evaluates the merits of a proposed development. Coxie found the Majors' development was one of the better projects that had come through in some time, mostly because of the anticipated economic benefits.

On May 10, 2010 the Planning Commission issued a Division III staff report regarding the Majors' development. The report noted that the project had been granted approval to proceed while the Division III process was being completed. It also noted that the Majors needed to

---

[3] The parties have stipulated that the County Commission did not have the power to issue an "emergency waiver," and so the Commission's act was void.

4

comply with numerous provisions of the Guidance Code, including provisions related to sediment and erosion control, storm water management, and foliage screening or fencing for a commercial area adjoining a residential tract.

After the hearing, Coxie told the Planning Commission that in assessing the Division III application it should not consider the emergency waiver issued by the County Commission because the County Commission's decision had no bearing on the merits of the Division III application. Coxie instructed the Planning Commission to base its decision on the Guidance Code and whether the Planning Commission members believed the Property's land-use classification should be changed to commercial use.

The Planning Commission members followed this instruction. Sarah Klinefelter, Chairperson of the Planning Commission, testified that the emergency waiver issued by the Taney County Commission had no effect on the Planning Commission's decision and that the Planning Commission held the Majors to the same standard as all other Division III applicants. The Court found her testimony credible.

On May 17, Coxie, as the designated official and administrator of the Taney County Planning and Zoning Department, issued a Division III decision of record. The decision required the Majors to take additional steps to comply with various non-absolute conditions of the Guidance Code. After the Majors met these additional conditions, the Planning Commission issued a Certificate of Conformance on May 25, 2010, certifying that the development met all required absolute policies of the Guidance Code and all requirements imposed by the Planning Commission.

The McKaigs had actual notice of the May 10th and May 17, 2010 Division III permit hearings. Larry McKaig and his attorney attended the May 17, 2010 Division III permit hearing, and both addressed the Planning Commission.

On August 13, 2010, the McKaigs appealed the issuance of the Division III permit to the Board of Adjustments ("BOA"). The McKaigs submitted 22 exhibits which the BOA considered. On September 15, 2010, the BOA held a contested hearing on the appeal. Afterward, the BOA issued a written decision finding that the Majors and the Planning Commission staff had followed appropriate procedures in issuing the Division III permit. The BOA also found that, notwithstanding the emergency waiver issued by the County Commission, the Majors were required to go through the same process as all other similarly situated developers in Taney County. It also held that the issuance of the Division II permit prior to the completion of the Division III process was done under the authority of the vote and order of the County Commission and was not issued pursuant to the Guidance Code or to any finding or directive of the Planning Commission or the BOA, and therefore was not an erroneous enforcement of county zoning regulations.

## Conclusions of Law

**I.    The Court lacks subject matter jurisdiction to hear Plaintiffs' claims under Count I.**

Count I is captioned "Petition for Review Under Section 536.110." Pet. (Doc. 1-1) at 7. In Count I, Plaintiffs claim they are entitled to judicial review of the County Commission's alleged waiver of statute and Code requirement that the Majors obtain a Division III permit after a public hearing before changing the land use of the Property. Pet. at 7-8. They also contend they are entitled to judicial review under Mo. Rev. Stat. §§ 64.863 and 64.865. Pet. at 8. Finally, Plaintiffs allege the acts of the County Commission, the Planning Commission, and the

6

BOA were illegal, based on unlawful procedures, unauthorized by law, and void. For relief, Plaintiffs seek a hearing and an order reversing the grant of the "emergency waiver," the issuance of the Division III permits, and the denial of the Plaintiffs' BOA appeal. Pet. at 8.[4]

As a threshold matter, the Court lacks authority to grant Plaintiffs the relief they seek in Count I. The statute identified in the caption of Count I, § 536.110, is the venue provision of Missouri's Administrative Procedures Act.

It appears Plaintiffs meant to allege they were seeking judicial review under § 536.100, which provides that,

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, *unless some other provision for judicial review is provided by statute....*

Mo. Rev. Stat. § 536.100 (emphasis added). Construing Count I as being brought under § 536.100 does not change the result, however, because another statute explicitly provides for judicial review, thus review under § 536.100 is not appropriate. The other statute, § 64.870, states in relevant part that,

> Any owners . . . of buildings, structures, or land . . . aggrieved by any decision of the board of adjustment or the county commission, respectively, under the provisions of sections 64.845 to 64.880, or board, commission or other public official, may present to the circuit court of the county in which the property affected is located, a petition . . . stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of the petition the court shall allow a writ of certiorari directed to the board of adjustment or the county commission, respectively, of the action taken and data and

---

[4] The Court previously held that, "Plaintiffs failed to exhaust their administrative remedies by timely appealing the issuance of the Division II permit within 90 days, thus the Court lacks subject matter jurisdiction with respect to [issuance of the] Division II permit." Summary Judgment Order (Doc. 63) at 2. Consequently, the Court will not address Plaintiffs' claims that the Planning Commission erred in issuing the Division II permit, or that the BOA erred in denying Plaintiffs' appeal of the issuance of the Division II permit.

7

> records acted upon, and may appoint a referee to take additional evidence in the case. The court may reverse or affirm or may modify the decision brought up for review.

Mo. Rev. Stat. § 64.870.2. Accordingly, the Court can only review Defendants' issuance of the Division III permit under § 64.870, which is what Plaintiffs seek to do in Count II.

Thus, the Court lacks subject matter jurisdiction to adjudicate the claims brought under Count I, but may review what are essentially the same claims under Count II.

## II. Count II is granted with respect to the County Commissions issuance of the "emergency waiver," but is otherwise denied.

The allegations in Count II mirror those in Count I, except the claims are brought in a "Petition for Certiorari." On a writ of certiorari, the issue before the court is whether an inferior tribunal acted within its jurisdiction. *State, ex rel. Nance v. Bd. of Trs. for Firefighters' Ret. Sys. of Kansas City, Mo.*, 961 S.W.2d 90, 93 (Mo. Ct. App. 1998). The writ of certiorari applies where the court or tribunal to which it is directed has no jurisdiction, has acted in excess of its jurisdiction, or has abused its discretion, or where no remedy exists by appeal or otherwise. *State ex rel. Kassen v. Carver*, 355 S.W.2d 324 (Mo. Ct. App. 1962). Pursuant to a writ of certiorari, "[t]he court may reverse or affirm or may modify the decision brought up for review." Mo. Rev. Stat. § 64.870.2.

Plaintiffs' "Petition for Certiorari" specifically alleges (1) the County Commission's issuance of the emergency waiver was unauthorized by law, exceeded its authority, and is void; (2) the issuance of the Division III permit by the Planning Commission was unauthorized by law, exceeded its authority, and is void; and (3) the BOA erred as a matter of law in denying Plaintiffs' appeal of the issuance of the Division III permit because the permit was issued in violation of §§ 64.863 and 64.865 and the Guidance Code. For relief, Plaintiffs seek a judgment

from the Court ordering the BOA to vacate its denial of Plaintiffs' appeal and enter an order declaring that the Division III permit is void.

### A. The County Commission acted illegally in issuing the emergency waiver.

With respect the County Commission's issuance of the emergency waiver, Defendants concede, and the Court agrees, that neither the Guidance Code nor state law authorized the County Commission to issue the emergency waiver. Consequently, the issuance of the emergency waiver was of no legal effect and is void.

### B. The Court affirms that the Planning Commission acted within its authority in issuing the Division III permit.

As the Court previously observed in its summary judgment ruling, Taney County has adopted county planning and zoning under the provisions of Mo. Rev. Stat. § 64.800 to § 64.905. *Earls v. Majestic Pointe, Ltd.*, 949 S.W.2d 239, 242 (Mo. Ct. App. 1997). Missouri law provides that,

> [a]fter the adoption of a zoning plan . . . no use of any parcel of land included in the plan or regulations shall be changed without a public hearing and . . . notice, *at least fifteen days* before the hearing, by regular mail to all owners of any real property located within six hundred feet of the parcel of land for which the change is proposed.

Mo. Rev. Stat. § 64.863 (emphasis added). Also under Missouri law, once a county commission has adopted a zoning plan and appointed a designated official, no use of any land may be changed without a permit issued by the designated official. Mo. Rev. Stat. § 64.865. Taney County has appointed a designated official pursuant to § 64.865, Eddie Coxie, and has also adopted a zoning plan pursuant to §§ 64.800-64.905. Consequently, Missouri law required the Planning Commission to hold a public hearing, after giving 15 days advance notice to all

9

interested parties, before changing the Property's land use. It also required that no land use be changed without Eddie Coxie issuing a permit.

The Court holds these requirements were satisfied. Although the record is unclear as to exactly how or when the McKaigs received notice of the May 17 hearing regarding the Division III permit, the McKaigs did receive actual notice as evidenced by the fact that both Larry McKaig and his attorney attended the May 17, 2010 Division III permit hearing. The fact that they both addressed the Planning Commission is additional confirmation that they received notice on or before 15 days prior to the hearing. The Court also notes there is no evidence in the record indicating the McKaigs were not given at least 15 days notice.

The Court further affirms that the Planning Commission did not violate state law in issuing the Division III permit. Although the County Commission's issuance of the emergency waiver was unlawful and cast suspicion over the subsequent proceedings, it is clear from the record that the issuance of the emergency waiver had no impact on the Planning Commission's decision to issue the Division III permit. The record establishes that the Majors Division III permit application was a strong one and the Planning Commission would have granted it eventually whether the County Commission had issued the emergency waiver or not. Plaintiffs have not produced any evidence, either to the Board of Adjustment or this Court, which demonstrates that the issuance of the Division III permit was tainted or improperly influenced by the emergency waiver.

The record also confirms that the Planning Commission did not violate Taney County's Guidance Code. The Taney County Commission adopted the Guidance Code to manage the county's growth and development. The Guidance Code contains both absolute and relative policies. It defines an "Absolute Policy" as a requirement "that if not met or satisfied will result

10

in the application for a permit being rejected." Code § 2, at 5. "Relative Policies" are conditions "that encourage or discourage certain activities but are not necessarily required to be met or satisfied. That is, there is some degree of latitude in these particular parameters." Code § 2, at 11. Under the Guidance Code, a Division III permit is required for land-use changes. Code § 4.1.3.(c), at 15. Receiving a Division III permit is a seven-part process, involving a pre-application conference, filing, a concept hearing, an application for public hearing, public notice, a public hearing, and a decision of record. Code, Appendix D, at 44-47. With respect to the Division III permit issued to the Majors, the record confirms that all seven steps occurred before the Division III permit was issued and that no absolute policies were violated. Consequently, the Court cannot say the Planning Commission exceeded its authority in issuing the permit.

### C. The Court affirms the BOA's ruling on Plaintiffs' appeal.

Finally, the Court affirms that the BOA did not err in rejecting Plaintiffs' appeal. As part of their appeal of the Planning Commissions' decision, Plaintiffs submitted exhibits and both Mr. McKaig and his attorney addressed the BOA during the contested hearing. After the hearing, the BOA issued a written decision of record finding that the correct procedures were followed; that the administrative officials of the Planning and Zoning Department did not erroneously interpret or enforce the Code after the Majors' application for a Division III permit was filed; and that notwithstanding the "emergency waiver" issued by the County Commission and the Division II permit, the Majors were required to go through the same process as all other similarly situated developers in Taney County. The BOA also found that the administrative official's action in issuing a Division II permit prior to the completion of the Division III process was done under the authority of the County Commission and not pursuant to the Guidance Code or to any finding

11

or directive of the Planning Commission or the BOA, therefore it was not an erroneous enforcement of Taney County zoning regulations.

As previously discussed, the Court holds the issuance of the Division III permit did not violate §§ 64.863 and 64.865 or the Guidance Code. Consequently, the BOA did not exceed its jurisdiction or abuse its discretion the Court in considering and denying Plaintiffs' appeal. *State ex rel. Kassen v. Carver*, 355 S.W.2d 324 (Mo. Ct. App. 1962).

### III. Count III is denied.

Closely related to Count II, in Count III Plaintiffs seek injunctive relief under Mo. Rev. Stat. § 536.150 prohibiting the Taney Defendants from allowing the Majors to change the use of the Property without first obtaining the required permits. Plaintiffs request the Court hold that the BOA erred as a matter of law in denying Plaintiffs' appeal of the issuance of the Division III permit and order the BOA to (1) vacate its denial of the appeal and (2) enter an order granting Plaintiffs' appeal and declaring that the Division III permit issued to the Majors was void and of no force and effect.

As a threshold matter, the Court holds it possesses subject matter jurisdiction to hear Count III. Section 536.150, captioned "Review by injunction or original writ, when—scope," states in relevant part:

> 1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in

12

> view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.
>
> 2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.

Mo. Rev. Stat. § 536.150.

Although the Court has the power to grant Plaintiffs' request, the Court holds it should not do so. Because the BOA did not err in denying Plaintiffs' appeal, an order granting injunctive relief is not appropriate. Accordingly, the Court finds in favor of Defendants on Count III.

## Conclusion

For the foregoing reasons, the Court holds the County Commission erred in granting the emergency waiver and that issuance of the emergency waiver was of no legal effect and void. Accordingly, Judgment is GRANTED IN PART to Plaintiffs on Count II. Judgment is entered in favor of Defendants on all remaining claims.

**IT IS SO ORDERED.**

Date:  October 29, 2012               /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT