IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LARRY McKAIG and<br>HEATHER McKAIG,<br><br>    Plaintiffs,<br><br>v.<br><br>TANEY COUNTY, et al.,<br><br>    Defendants. | No. 6:11-CV-4014-DGK |

## ORDER DENYING POST-TRIAL MOTIONS

This case arises from the commercial development of a piece of property near the Plaintiffs' home in Taney County, Missouri. Plaintiffs Larry and Heather McKaig allege the Taney County Defendants issued Defendants Bill and Kelly Majors an emergency waiver and a change in land-use permit in violation of state law and county zoning rules.

Plaintiffs originally filed suit under state law and 42 U.S.C. § 1983 seeking injunctive relief, damages for the diminished value of their property, and attorneys' fees. In May of 2012, after a two day trial, a jury found for all Defendants on Count IV, the § 1983 claim. On October 29, 2012, the Court ruled on the remaining claims, partially finding in Plaintiffs' favor on Count II and in Defendants' favor on the remaining count.

Now before the Court are Plaintiffs' "Motion for New Trial and to Alter or Amend Judgment" (Doc. 117) brought pursuant to Rule 59 and Plaintiff's "Motion for Award of Attorneys' Fees" (Doc. 118) brought pursuant to Rule 54. Both motions are denied as untimely filed.

With respect to the first motion, Rule 59(b) states that "[a] motion for new trial must be filed no later than 28 days after the entry of judgment;" Rule 59(e) states that "[a] motion to alter

or amend a judgment must be filed no later than 28 days after the entry of judgment;" and Rule 6(b)(2) states that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ." The Court entered its judgment on Monday October 29, 2012, thus Plaintiffs' time to file a Rule 59(b) or Rule 59(e) expired 28 days later, on Monday November 26, 2012. Plaintiffs, however, did not file their rule 59 motion until November 28, 2012, two days after the deadline had passed.

Plaintiffs' motion for attorneys' fees is also untimely. Rule 54(d)(2) states that "[u]nless a statute or a court order provides otherwise, [a motion for attorneys' fees] must be filed no later than 14 days after the entry of judgment." Plaintiffs' motion was filed November 28, 2012, sixteen days after the deadline had expired.

Consequently, both motions are DENIED.

**IT IS SO ORDERED.**

Date: December 21, 2012          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT